# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ADRIENNE JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| UNITED STATES TENNIS ASSOCIATION ("USTA"), KANSAS CITY RACQUET CLUB, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO TRANSFER VENUE TO DISTRICT OF KANSAS

COMES NOW Defendant United States Tennis Association ("Defendant USTA"), by and through its attorneys of record, and pursuant to 28 U.S.C. § 1404, hereby moves this Court to transfer Venue to the United States District Court of Kansas. In support of this Motion, Defendant USTA state as follows:

1. Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . . ."

2. The District Court has broad discretion in exercising the power to transfer authorized by 28 U.S.C. § 1404. *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 260 (W.D. Mo. 1980).

3. Defendant USTA requests that this Court transfer this case to the United States District Court of Kansas for the convenience of the parties and in the interest of justice.

4. "The phrase 'where it might have been brought' relates to the time when the action was originally brought. A district or division is one where the action 'might have been brought' if, when the action began, (a) the proposed transferee district court would have had subject matter

jurisdiction over the action, (b) venue would have been proper there, and (c) the defendant would have been amenable to process issuing out of the transferee district court." *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980). All three elements are met in this case.

5. **First,** the District of Kansas would have had subject matter jurisdiction over the action had it originally been filed in that Court as there is both federal question and diversity jurisdiction.

6. With regard to federal question jurisdiction, 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Count 3 of Plaintiff's Petition arises under Title 18 of the United States Code and is titled "Forced Labor in Violation of 18 U.S.C. §1589(b), §1595(a), §2255." *See Petition, ¶¶142-143).* Without question, the claims against Defendant USTA alleged in Count 3 arise under the laws of the United States.

7. With regard to diversity jurisdiction, 28 U.S.C. § 1332(a)(1) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."

8. There is complete diversity in this case. Plaintiff is a citizen and resident of Iowa. (*See* Petition at ¶ 1). Defendant USTA is a corporation organized under the laws of New York with its principal place of business in New York. (*See* Petition at ¶ 2*).* Defendant Kansas City Racquet Club has its principal place of business in Merriam, Kansas. (*See* Petition at ¶ 3*).* Because Plaintiff is a citizen of Iowa and Defendants are citizens of New York or Kansas, this action is between citizens of different states.

While Plaintiff has not alleged an amount in controversy, given the facts alleged in the Petition and the claim to attorneys' fees, it is facially apparent that Plaintiff will claim that her

claims exceed $75,000. If Plaintiff disputes that the amount in controversy in this case is less than $75,000, it is Plaintiff's burden to show that the amount in controversy falls below the $75,000 jurisdictional requirement. Moreover, Count 3 of the Petition is brought pursuant to 18 U.S.C. §§ 2255 and 1589, among other federal statutes. Section 2255 indicates that a plaintiff who is successful in proving a violation of Section 1589, shall recover actual damages sustained by that person or liquidated damages in the amount of $150,000, and the costs of the action including attorney's fees. 18 U.S.C. § 2255(a).

Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and the amount in controversy exceeds $75,000.00.

9. *Second,* venue would have been proper in the District of Kansas had suit originally been filed in that District. 28 U.S.C. § 1391 provides:

> **(b) Venue in general.**--A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

10. Plaintiff could have brough this case in the District of Kansas as Kansas is a situs of underlying operative facts and events. Separate Defendant Kansas City Racquet Club has its principal place of business in Merriam, Kansas (*See* Petition, ¶3) and a substantial part of the alleged events and/or omissions giving rise to Plaintiff's claims occurred in Kansas, for instance:

a. Separate Defendant Kansas City Racquet Club employed Rex Haultain in Kansas at all relevant times. (*See* Petition, ¶38).

b. Plaintiff moved to the area to train with Rex Haultain in Kansas at the Kansas City Racquet Club located in Merriam, Kansas. (*See* Petition, ¶45).

c. Events and abuse alleged in the Petition occurred in Kansas. (Petition, ¶¶3, 52, 79).

d. At all relevant times, Plaintiff was a member of the Kansas City Racquet Club located in Merriam, Kansas. (*See* Petition, ¶3, 39).

e. Plaintiff came into contact with Rex Haultain via her membership with the Kansas City Racquet Club located in Merriam, Kansas. (*See* Petition, ¶3, 38, 45, 52).

f. Upon information and belief, Plaintiff was a resident of Kansas during the time period at issue.

11. Plaintiff has also alleged that abuse took place in Missouri (*See* Petition, ¶55, 74), Nevada (*See* Petition, ¶75), Arizona (*See* Petition, ¶113), California (*See* Petition, ¶120), and Alabama (*See* Petition, ¶77) while travelling for various tournaments. However, the primary place of operations where plaintiff trained and interacted with Haultain were in Kansas at Kansas City Racquet Club.

12. This case was originally filed in the Circuit Court of Jackson County, Missouri. While some abuse is alleged to have occurred in Missouri and a nonparty mentioned in the Petition is alleged to have previously resided in Missouri, "transfer is not precluded where the operative facts have some connection to the initial forum if the transferee district has a stronger connection with the operative facts raised in the pleadings." *Sheet Metal Workers' Nat. Pension Fund v.*

*Gallagher*, 669 F. Supp. 88, 92–93 (S.D.N.Y. 1987).  Here, as discussed above, Kansas has a stronger connection with the operative facts raised in the pleadings than Missouri.

13. In addition, because nonparty Rex Haultain's prior employer Separate Defendant Kansas City Racquet Club continues to operate in Merriam, Kansas, many relevant witnesses and documents will be located in Kansas.

14. *Third,* both Defendants would have been amenable to process issuing out of the District of Kansas.

15. With regard to the interests of justice component of the 28 U.S.C. § 1404 transfer analysis, Kansas has a greater interest than Missouri in resolving the controversy at issue. Here, Kansas has an interest in addressing the grievances alleged against a company operating and residing within its jurisdiction, namely Defendant Kansas City Racquet Club. *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1056 (N.D. Ill. 2012) ("[r]esolving litigated controversies in their locale is a desirable goal of the federal courts.").

16. Accordingly, Defendant USTA requests that this Court transfer this case to the District of Kansas.

WHEREFORE, for the reasons set forth herein, Defendant Unites States Tennis Association, respectfully request that this Court grant this Motion and transfer this case to the United States District Court of Kansas and for any other relief this Court deems just and proper.

          Respectfully submitted,

          **FRANKE SCHULTZ & MULLEN, P.C.**

          */s/ Derek G. Johannsen*
          Derek G. Johannsen    MO #59195
          Heather R. Hatley      MO #66701
          8900 Ward Parkway
          Kansas City, MO 64114

P: (816)421-7100  
F: (816) 421-7915  
djohannsen@fsmlawfirm.com  
hhatley@fsmlawfirm.com  
**ATTORNEY FOR DEFENDANT USTA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was filed electronically through the CM/ECF system which will notify the following participants, and that a copy was sent by e-mail on this 31st day of July 2020, to:

Chris Dove, Esq.   MO #64641  
DRZ Law. LLC  
8700 State Line, Ste. 305  
Leawood, KS 66206  
chris@drzlawfirm.com  

Jonathan Little, Esq. (*pro hac* pending)  
Derrick Morgan, Esq. (*pro hac* pending)  
Jessica Wegg, Esq. (*pro hac* pending)  
Saeed and Little, LLP  
133 W. Market St., #189  
Indianapolis, IN 46204  
(317) 721-9214  
derrick@sllawfirm.com  
jon@sllawfirm.com  
annie@sllawfirm.com  

Brian Cornwell, Esq. (*pro hac* pending)  
Cornwell and Stevens  
317 W. York Street  
Savanah, Georgia 31401  
(912) 417-4597  
bcornwell@cornwellstevens.com  

**ATTORNEYS FOR PLAINTIFF**

*/s/ Derek G. Johannsen*  
**Attorney for Defendant USTA**